# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-3583EA

_____

|  |  |  |
|---|---|---|
| Terry Proctor, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Greg Harmon, Warden, Maximum | * | |
| Security Unit, Arkansas Department of | * | |
| Correction; D. Martin, CO-I, Maximum | * | |
| Security Unit, Arkansas Department of | * | |
| Correction; Richard Wimberly, Major, | * | |
| Maximum Security Unit, Arkansas | * | |
| Department of Correction; Robert | * | On Appeal from the United |
| Clark, Disciplinary Hearing | * | States District Court |
| Administrator, Central Office, Arkansas | * | for the Eastern District |
| Department of Correction; Larry | * | of Arkansas. |
| Norris, Director, Arkansas Department | * | |
| of Correction; Justine Minor, | * | [To Be Published] |
| Disciplinary Hearing Chairman, Central | * | |
| Office, Arkansas Department of | * | |
| Correction; John Blankenship, | * | |
| Disciplinary Hearing Chairman, | * | |
| Arkansas Department of Correction; | * | |
| S. Abernathy; J. Duke; S. Outlaw; G. | * | |
| David Guntharp; Ray Hobbs; S. | * | |
| Richardson; K. Waddle; T. Parks; T. | * | |
| Brock; Ricky Anthony; Tiffanye | * | |
| Compton, Ms.; Jack Davis; J. D. | * | |
| Kleiner; Michael Bell, Sgt., Maximum | * | |
| Security Unit, Arkansas Department of | * | |
| Correction, originally sued as "M. | * | |

Bell"; Christopher Kirby, Sgt.,                  *
Maximum Security Unit, Arkansas                  *
Department of Correction, originally             *
sued as "C. Kirby"; Kay Wade, C.O.               *
Mail Room Supervisor, Maximum                    *
Security Unit, Arkansas Department of            *
Correction, originally sued as "K. L.            *
Wade"; VI Fair, Ms., Warden Assistant,           *
originally sued as "Fair"; Dennis Reap,          *
CO-II, originally sued as "Reap";                *
Shirley Goldman, Nurse, originally               *
sued as "Goldman"; Merlin Fitzpatrick,           *
originally sued as "Merlyn Fitzpatrick",         *
                                                 *
            Appellees.                           *

                        _____

            Submitted:  July 5, 2001
                Filed:  July 26, 2001
                        _____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
        Circuit Judges.
                        _____

PER CURIAM.

        Arkansas inmate Terry Proctor appeals the District Court's dismissal of his 42
U.S.C. § 1983 action after holding a pre-trial hearing at which Proctor testified.  For
reversal, Proctor asserts that the Court overlooked some of his allegations and erred in
refusing to allow other testimony at the hearing.

        We agree that the District Court did not abuse its discretion in precluding the
testimony of other witnesses.  However, the Court should reconsider this issue if
Proctor renews his request to call these witnesses to testify before the jury at the trial

-2-

on remand. Witnesses should not automatically be excluded as "cumulative" merely because they will be testifying to the same events as the plaintiff himself. The jury might find that corroboration of this kind makes the plaintiff more believable.

Several of Proctor's claims should not have been dismissed, namely, his claims of excessive force against defendants Kirby, Anthony, and Richardson, and his claims against Anthony and Kirby for retaliatory threats. See Johnson v. Bi-State Justice Ctr., 12 F.3d 133, 135-36 (8th Cir. 1993) (pretrial evidentiary hearing to determine whether pro se inmate's nonfrivolous § 1983 damage claims warrant jury trial is permitted, but hearing must be consistent with right to jury trial, and standard is whether case would survive motion for judgment as matter of law).

Proctor testified that Kirby "jumped on" him, body-slammed him to the floor twice, stomped on his head and back, and kicked and punched him repeatedly, and that Anthony and Richardson beat him with a flashlight and their fists. Proctor was handcuffed when the alleged actions occurred, see Estate of Davis v. Delo, 115 F.3d 1388, 1394-95 (8th Cir. 1997) (striking unresisting inmate 20-25 times in head while other officers were restraining him constituted Eighth Amendment violation). This testimony must be accepted as true for present purposes. We also believe a jury could infer a retaliatory motive behind threats of physical harm made by Anthony and Kirby, because Proctor testified that Anthony's threats specifically referred to Proctor's newly filed lawsuits, and Kirby threatened him during the same time period. See Madewell v. Roberts, 909 F.2d 1203, 1206-07 (8th Cir. 1990) (otherwise proper acts are actionable under § 1983 if taken in retaliation for exercise of constitutional right).

As to Proctor's claims for denial of medical care, denial of due process at his disciplinary hearings, false and retaliatory disciplinaries, and property deprivations, we affirm their dismissal for the reasons stated by the District Court. See 8th Cir. R. 47B.

Accordingly, we reverse the dismissal of Proctor's excessive-force and retaliatory-threat claims against defendants Kirby, Anthony, and Richardson, affirm the dismissal in all other respects, and remand for trial by jury on the surviving claims.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.